## MILO WING *vs.* INHABITANTS OF CHESTERFIELD.

Hampshire.    September 15. — December 17, 1874.    WELLS & MORTON, JJ., absent.

The admission of immaterial evidence is not ground for a new trial, unless the excepting party shows that he has been prejudiced thereby.

The judge presiding at a trial may refuse to give, in the language of counsel, instructions already given in substance; and no exception lies to his remark, in so refusing, that the party was merely asking him to repeat the portion of the charge most favorable to his case.

In an action under the Gen. Sts. *c.* 70, § 16, by a physician against a town, to recover for medical attendance furnished a female pauper who had a legal settlement in another town, the jury were instructed that if the pauper was in need of medical aid, and neither town furnished it, the plaintiff could recover for services rendered after notice to the town sued; that the fact that the town in which the pauper had her settlement had made an arrangement with a person to take care of her, would not prevent the plaintiff from recovering, if neither the agent nor the town sued furnished medical attendance; that if the plaintiff was informed that such an arrangement was made, it was his duty to stop attending the pauper until he could ascertain whether or not she was furnished with other medical attendance; and if he found she was not so attended and was in want, he might then have attended her and recovered his pay of the defendant. *Held,* that the plaintiff had no ground of exception.

In an action under the Gen. Sts. *c.* 70, § 16, by a physician against a town, to recover for medical attendance furnished a female pauper having her legal settlement in another town, there was evidence that a person acting as the agent of the latter town to take care of the pauper told the plaintiff, after he was called to attend the pauper, that if he cured her he would pay him well, but if he failed he would pay him nothing. There was no evidence that the plaintiff made any reply, or that he knew that the person was an agent. The judge instructed the jury that, if they believed this evidence, the plaintiff could not maintain the action. *Held,* that the evidence would warrant the jury in finding that the attendance was furnished by the plaintiff under an agreement to be well paid for it if successful, and that if he failed he was to receive nothing; and that the instruction was correct.

CONTRACT under the Gen. Sts. *c.* 70, § 16,* to recover for medical attendance furnished Armenia Olds, a pauper in the defendant town. At the trial in the Superior Court, before *Lord,* J., the following facts appeared:

The legal settlement of Armenia Olds was in the town of Mon-

---

* "Every city and town shall be held to pay any expense necessarily incurred for the relief of a pauper therein by any person who is not liable by law for his support, after notice and request made to the overseers thereof, and until provision is made by them."

terey; and the overseers of the poor for that town had made a bargain with one Meecham, the father of Armenia, to take care of her and procure and provide everything which she might need, at a fixed price per week, and they arranged with Ephraim Cole, chairman of the overseers of the poor of the defendant town, to see that Meecham faithfully performed his agreement. The plaintiff was called to attend Armenia by her mother, Mrs. Meecham, in October, 1871, and continued to attend her until her death, in February, 1872.

Mr. Meecham testified that he was away from home when the plaintiff made his first visit, but returned while he was there, and had some conversation with the plaintiff as to the condition of Armenia and the prospect of her recovery, and told the plaintiff that if he would cure his daughter he should be well paid for it, but that if he failed to cure her he would pay him nothing; but this part of the conversation was denied by the plaintiff, and there was no evidence that the plaintiff made any reply to the remark of Mr. Meecham, or that he then knew that Meecham was employed by the town of Monterey.

In December, 1872, the plaintiff met Cole and had a conversation with him about his attending Armenia and about his pay. The testimony touching this conversation was conflicting, the plaintiff and his witnesses, two in number, testifying that the plaintiff told Cole that he was doctoring Mrs. Olds, and should look to the town of Chesterfield for his pay, and that Cole contended that she belonged to Monterey, but encouraged the plaintiff to believe that he should be paid by the town of Monterey. Cole testified that the plaintiff met him and told him that he was doctoring Mrs. Olds, and asked him who was to pay him; that he said she belonged to Monterey, that they had made provision for her, but he presumed the overseers of the poor for Monterey would pay him, if satisfied that the plaintiff could do Mrs. Olds any good. It was admitted that the town of Chesterfield furnished nothing for Mrs. Olds, and there was no evidence that any medical services were in fact rendered to Mrs. Olds after the plaintiff's conversation with Cole, except those rendered by the plaintiff; but there was evidence tending to show that Meecham had, previously to the plaintiff's attending, made arrangements with Dr. Streeter to attend her whenever called for,

The defendant offered to show that the neighbors were in the habit of bringing in to Mrs. Olds things for her comfort, as milk and other delicacies such as a sick person would need. This evidence was objected to by the plaintiff, but the objection was overruled and the evidence admitted, to which the plaintiff excepted.

The plaintiff requested the judge to instruct the jury " that if the jury are satisfied that Mrs. Olds was in need of medical aid, and that neither Chesterfield nor Monterey furnished a physician to fully meet that want, and the plaintiff did in fact supply that want, then he is entitled to recover for such services as he so rendered after notice to Chesterfield ; that making arrangements with Meecham by the town of Monterey does not relieve the town of Chesterfield, if in fact neither the agent of the town of Monterey nor the town of Chesterfield furnished medical aid for Mrs. Olds." The judge declined to give these instructions, on the ground that he had already given them substantially, and that it was simply asking him to repeat that part of his charge which was most favorable to the plaintiff's case. The judge also instructed the jury that if Cole told the plaintiff that the town of Monterey had made arrangements for providing for Mrs. Olds, it was the plaintiff's duty to stop attending her until he could ascertain whether or not she was furnished with other medical attendance, and if he found she was not so attended and was in want, he then might have attended her, and recovered his pay from the defendant town ; and that if they believed Mr. Meecham's testimony that he told the plaintiff he would not pay him if he did not cure his daughter, and the plaintiff then continued doctoring her under that understanding, the plaintiff could not maintain this action.

The jury returned a verdict for the defendant and the plaintiff alleged exceptions.

*A. M. Copeland*, for the plaintiff.

*D. W. Bond*, for the defendant.

DEVENS, J. 1. The plaintiff contends that the presiding judge erred in permitting evidence to be introduced that the neighbors of the pauper, Mrs. Olds (for medical attendance upon whom this action is brought under the Gen. Sts. *c.* 70, § 16), were in the habit of sending her articles for her comfort, " as milk and other delicacies such as a sick person would need " The only suggestion made is that this was immaterial. We cannot see, upon

these exceptions, that it was not competent on behalf of the de-fendant, upon the issue whether the services rendered by the plaintiff were reasonably necessary ; but, if immaterial, the plaintiff fails to point out wherein he was liable to be injured by the introduction of it, or that it in any mode affected him unfavorably. Where evidence purely immaterial has been admitted, and it is not shown that such admission can have in any way prejudiced the excepting party, the verdict will not be disturbed. *Burghardt* v. *Van Deusen*, 4 Allen, 374. *Bragg* v. *Boston & Worcester Railroad*, 9 Allen, 54.

2. Nor was it erroneous, on the part of the presiding judge, to decline to give the instructions asked at the conclusion of the charge. He had already given them substantially, as appears by his statement embodied in the bill of exceptions, and this was all to which the plaintiff was entitled. *Morris* v. *Bowman*, 12 Gray, 467. *Townsend* v. *Pepperell*, 99 Mass. 40. He might well apprehend that by repeating them he would give them an undue prominence among the various considerations he had brought to the attention of the jury. His remark, " that the plaintiff was simply asking him to repeat the portion of his charge most favorable to the plaintiff's case," was not, that we can perceive, unjust or calculated to influence the jury against the plaintiff's case ; it sim ply left such portion to be weighed by them in connection with the rest of the charge.

3. The instruction " that if Cole " (who acted for the town of Monterey to see that the arrangements which it had made for the pauper were faithfully carried out) " told the plaintiff that the town of Monterey had made arrangements for Mrs. Olds' being provided for, it was the plaintiff's duty to stop attending her until he could ascertain whether or not she was furnished with other medical attendance ; and if he found she was not so attended and was in want, he then might have attended her and recovered his pay from the defendant town," is to be taken in connection with the instructions also given as stated by the judge, in substance, " that if the jury are satisfied that Mrs. Olds was in need of medical aid, and that neither Chesterfield nor Monterey did furnish a physician to fully meet that want, and the plaintiff did in fact supply that want, then he is entitled to recover for such services as he so rendered after notice to Chesterfield ; " and further

'that making arrangements with Meecham by the town of Monterey does not relieve the town of Chesterfield, if in fact neither the agent of the town of Monterey nor the town of Chesterfield furnished medical aid for Mrs. Olds." Its obvious meaning is that after the plaintiff was thus informed that provision was made for Mrs. Olds, it was his duty to give an opportunity for medical attendance, if such was necessary, to be furnished by the town to which she was properly chargeable. That town had the right to furnish such attendance through its own agents; and if it did thus furnish it, the town of Chesterfield could not be made liable to the plaintiff. Information having been properly communicated to the plaintiff that provision for medical attendance had been made, the plaintiff could not insist on continuing his attendance. After ceasing, and thus affording an opportunity for other medical attendance, if he found that it was not furnished, the instruction permitted him to recover if he then attended her, she being in need. It could not be inferred from the statement of what the duty of the physician required, that the court intended to limit the statement of the law made elsewhere, that if Mrs. Olds was in want of medical aid, and neither Monterey nor Chesterfield furnished it, and the plaintiff did, he could recover after notice to Chesterfield, and that mere arrangements to furnish it would not be sufficient.

4. There was sufficient evidence to go to the jury upon the testimony of Meecham that if the plaintiff furnished the medical attendance upon an agreement that the plaintiff should be well paid for it if he cured Mrs. Olds, and if he failed that he should be paid nothing. If the services were and continued to be rendered under that understanding with Meecham, the plaintiff would not be entitled to recover against the town, and this was the instruction.                    *Exceptions overruled.*