AMASA BARRETT and wife, petitioners for increase of damages, *vs.* THE CITY OF BANGOR.

Penobscot. Opinion November 5, 1879.

*Penobscot river. Boom privileges. Damages. Sheriff's jury. Challenge. Exceptions.*

Owners of shores, on the Penobscot river, used for boom privileges are entitled to compensation for any loss, injury or diminution of value occasioned by flowage by the dam erected by respondents under legislative authority.

But they are not entitled to compensation for the possible loss of drift wood which may never reach their shores, and to which they have no title.

The right of peremptory challenge does not exist when the question of damages is to be determined by a sheriff's jury.

When evidence manifestly immaterial has been admitted, and it does not appear that it could in any way have prejudiced the excepting party, the verdict will not be disturbed.

ON EXCEPTIONS, to the rulings and instructions of the officer presiding over sheriff's jury upon a question of damages under Stat. 1876, c. 264, § 4, and motion to set aside the verdict.

The facts and questions presented are sufficiently stated in the opinion.

*J. Crosby*, for the petitioners, cited Stat. 1875, c. 168, 1876, c. 260. *B. & P. R.R. Co.* v. *McComb*, 60 Maine, 290. *Vinton* v. *Welch*, 9 Pick. 87. *Lunt* v. *Hunter*, 16 Maine, 9. *Parker* v. *Cutler*, 20 Maine, 353. *State* v. *Wilson*, 42 Maine, 9. Stat. 1869, c. 49. R. S., c. 18, § 53. Stat. 1872, c. 46. *Rogers* v. *Judd*, 5 Vt. 223.

*T. W. Vose*, city solicitor, (F. H. Appleton with him) for the respondents, cited *Burr* v. *B. & M. R. R.*, 64 Maine, 131. *Fitchburg R. R.* v. *B. & M. R. R.*, 3 Cush. 88. *China* v. *Southwick*, 12 Maine, 238. Stat. 1868, c. 448 ; 1869, c. 232 ; 1870, c. 332, 456. *Davis* v. *B. & P. R. R.*, 60 Maine, 303.

APPLETON, C. J. In 1875 "an act for supplying the city of Bangor with water" was passed. By § 2 the city was authorized to erect a dam across the Penobscot river. The act was amended by c. 260 of the special acts of 1876.

By § 4 of the last named act, it is provided that the "said city shall be liable to pay all damages that shall be sustained by any person or corporations in their property, by the taking of any land or by flowage, or excavating through any land for the purpose of laying down pipes, building dams or constructing reservoirs, or making excavations." In case of disagreement the damages are "to be ascertained and determined in the same manner and under the same conditions, restrictions and limitations as are by law provided in the case of damage by the laying out of highways."

The damages alleged to be sustained by these petitioners by reason of the erection of the dam across the Penobscot river were assessed by the county commissioners but being dissatisfied with their estimate the petitioners filed their petition for an increase of damages to be determined by a jury.

The case was heard by a jury and numerous exceptions are filed by the respondents and the petitioners to rulings made at that hearing.

I. The jury were instructed to find the damages sustained to the petitioners' boom privilege by reason of the erection of the respondent's dam. To this the respondents except.

We think this exception cannot be sustained. By an act extending the charter of the Bangor boom company, being c. 49, § 3 of the special laws of 1869, the corporation were authorized to "take and use the shores of the Penobscot river contiguous to their boom, for the purpose of booming and securing all logs and lumber, hanging their boom or booms and operating the same" with an exception having no bearing on the present case. But there was a proviso that "the said corporation shall pay to the proprietor or proprietors of such shore or shores so taken used or occupied, such annual rent or yearly damages as may be agreed upon by the parties." In case of disagreement provision was made for the assessment of damages.

These petitioners are shore owners. They had made an agreement with the boom company for the yearly damages to be paid them. They allege that the respondent's dam has materially injured or destroyed the value of their shore for booming purposes. That they had rights of property which were to a certain extent injured, the jury have found. For this loss and injury they are legally as well as equitably entitled to compensation.

II. The petitioners except because the jury were not instructed that if they found the petitioners' boom privilege to be as good and as safe as it was before the dam was built, and that if the reason why business does not come to their shores is because the dam by flowing back the water on to other shores has made other like privileges desirable for boom purposes, to which business now

goes instead of coming to their shores, then the city will not be responsible for such indirect damages.

The instruction is based upon the hypothesis that the "petitioners' boom privilege is as good and safe as it was before the dam was built." If so it cannot have been harmed.

But whether it be so or not, is immaterial, because the jury have negatived the hypothesis upon which the instruction was based. They have found that the boom privilege was not as "good and safe" as before the dam was built. They have given damages in consequence of such fact. The instructions elsewhere authorized the giving full compensation for all damages sustained, and we must presume they have so done.

III. The petitioners claim that less drift wood comes to their shores than before the dam was erected and they claim damages in consequence thereof.

By the special act of 1869, c. 232, the throwing of slabs and other refuse lumber in the Penobscot river is prohibited and a penalty for each offense is imposed. By repeated decisions of this court the so doing is declared a nuisance, for which the party offending is civilly liable in damages to the party thereby injured. *Veazie* v. *Dwinell*, 50 Maine, 479. *Washburn* v. *Gilman*, 64 Maine, 163. The petitioners' claim is based upon the violations of the law by others. If the law is observed, no slabs and refuse lumber is thrown into the river. It is only when the law is disobeyed that the petitioners can claim any damage. The benefit claimed is one arising from admitted violations of law by which the petitioners are gainers. But a possible gain from the misdoings of others affords no basis for compensation when it is lost.

Further, the petitioners have no title to the drift wood except when reduced into actual possession—and then it would not be a valid one against the true owner. Others may seize it before it reaches their shore and they cannot complain. The only loss is the possible chance of the petitioners taking what does not belong to them—that to which they have no title—and that through the violations of law by others.

IV. It is objected that the petitioners were denied the right of peremptory challenge.

The objection cannot be sustained. By R. S., c. 82, § 73, the

right to the peremptory challenge of one juryman is given. But this chapter relates entirely to "proceedings in court."

By the act of 1876, c. 264, § 4, as before stated, the damages in case of disagreement are to be ascertained and determined as "in the case of damages by the laying out of highway."

By R. S., c. 18, § 10, relating to ways, and providing how a jury is to be summoned, no right of peremptory challenge is given. But twelve men are to be drawn as jurors "when a full jury is not obtained from those drawn, on account of interest or absence, the officer attending may return talesmen." The section excludes the idea of peremptory challenge, for no authority is found for supplying the vacancy, which would arise in such event.

V. It is objected, that Palmer, a witness called by the defense was permitted to testify that the boom company had contemplated for two years, taking up their boom on the Brewer shore and using only the Bangor shore. They did not do it. What they contemplated and did not carry into effect was undoubtedly immaterial, but it is not easy to perceive how this evidence could have affected the petitioners injuriously.

"Where evidence purely immaterial has been admitted," observes Devens, J., in *Wing* v. *Chesterfield*, 116 Mass. 356, "and it is not shown that such admission can have in any way prejudiced the excepting party, the verdict will not be disturbed." *Burghardt* v. *Van Deusen*, 4 Allen, 374. *Bragg* v. *Boston & Worcester R. R.*, 9 Allen, 54. This is especially so when all the evidence is reported as in this case.

The other exceptions taken to certain questions and answers are of too little importance to require consideration. The petitioners have not been harmed thereby.

No sufficient reason is shown by either party for disturbing the verdict. The amount allowed for drift wood should be deducted, and

> *Motion and exceptions overruled. Judgment for the petitioners for the balance with interest after deduction for drift wood $23.85.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.