## OLIVE LUCIER vs. OLIVER MARSALES.

Worcester. Oct. 4. — 20, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

If a tenant at will of the mortgagor of land, after notification by the mortgagee, who enters upon the premises after condition broken, that he enters under his mortgage and to collect the rents and profits, makes no answer and continues to occupy the land, he is liable to the mortgagee for use and occupation of the land subsequent to the entry.

The facts, that a tenant at will of the mortgagor of premises had been notified by a purchaser of the equity of redemption of the mortgagor that he owned the premises, and requested to hold possession for him and to pay rent to him, which he agreed to do, and that, after an entry upon the premises by the mortgagee for condition broken and notification to the tenant to pay rent to him, the tenant, without replying to such notification, continued to occupy the premises and paid rent to such purchaser after the mortgagee's entry, it not appearing that the purchaser claimed adversely to the mortgagee, nor that, in paying rent to the purchaser, the tenant asserted any title adversely to the mortgagee, do not show that the tenant occupied adversely to the mortgagee.

W. ALLEN, J. The defendant was tenant at will of the owner of the equity of redemption of a parcel of land. The plaintiff, the mortgagee, after condition broken, entered upon the premises and notified the defendant that he entered under his mortgage and to collect the rents and profits. The defendant made no answer, and continued in the occupation of the premises. This action is brought to recover for use and occupation of the premises subsequent to the entry. Upon these facts, the plaintiff is clearly entitled to recover. The defendant contends that he held adversely to the plaintiff, so that no obligation to pay rent can be inferred. But that does not appear. Stevens, the purchaser of the equity, notified the defendant, who was in occupation as tenant at will of the mortgagor, that he owned the property, and requested the defendant to hold possession for him and to pay rent to him, which the defendant agreed to do. This was before the entry by the plaintiff, and only shows that the defendant became the tenant of the purchaser of the equity. After the plaintiff's entry, the defendant paid some rent to Stevens; but this was after the plaintiff's right to the rent was established, and it does not appear that Stevens claimed adversely to the plaintiff, nor that in paying the rent to Stevens the defendant asserted any title adversely to the plaintiff.

The plaintiff being in possession and entitled to the rents and profits, the defendant occupied with his assent. It is the case of a tenant at will of the mortgagor who continues to occupy, without objection, after entry by the mortgagee and notice to pay the rent to him. *Cook* v. *Johnson*, 121 Mass. 326. *Massachusetts Hospital Ins. Co.* v. *Wilson*, 10 Met. 126. *Shepard* v. *Richards*, 2 Gray, 424. *Bunton* v. *Richardson*, 10 Allen, 260. *Merrill* v. *Bullock*, 105 Mass. 486.     *Judgment for the plaintiff affirmed.*

*C. F. Stevens*, for the defendant.

*F. T. Blackmer*, (*M. H. Cowden* with him,) for the plaintiff.