*A. Webster*, for the plaintiff.

*C. L. Long*, for one of the defendants.

---

LYMAN WARNER *vs.* REUBEN JONES.

Hampden.     Sept. 23. — Oct. 26, 1885.     FIELD, C. ALLEN, & GARDNER, JJ., absent.

An exception to the admission of immaterial evidence cannot be sustained, unless the excepting party shows that he has been prejudiced thereby.

DEVENS, J. It is conceded by the defendant in this bill in equity, that the action at law brought by him in 1862 was for two breaches of covenant in the deed of warranty made by the plaintiff of certain premises in this: first, that Marcia Warner had dower in a larger portion thereof than was stated by the exception in the deed; and secondly, that the exception in the deed extended only to Marcia's right, while the heirs of Vashni Warner had a reversionary right in the premises covered by her dower.

Marcia having died subsequently to the decision in the original action, the defendant brought a writ of entry to recover that portion of the premises covered originally by the dower of Marcia Warner, in which the heirs of Vashni Warner claimed a reversion. This reversionary right, so far as he did not own the same, had been purchased by the plaintiff of the other heirs of Vashni Warner. The plaintiff then brought the bill in equity to reform the deed made by him, alleging that the exception therein should have covered the reversion, as well as Marcia's title.

The plaintiff, who was a witness, was pressed by the inquiry why he had not, some years before, sought to reform the deed when the matter had been brought to his attention by the first action, if he then believed the deed was wrong; and it was further contended by the defendant, that the plaintiff had been guilty of laches.

To meet this, the plaintiff put in, without objection, the record of the writ of entry brought by the defendant, the declaration, answers, etc., and a bill of exceptions offered by the defendant and allowed by the presiding judge, from which it appeared that the judge had ruled that the present defendant, then the plaintiff, could not recover upon the second count in his declaration, which was for breach of covenant, as to the reversion in the dower land. This was in effect to rule that the whole estate in the land covered by the dower had been excepted from the conveyance, and thus to construe the deed for breach of covenant in which the action had been brought. It cannot be fairly contended that the judge might thus have ruled for lack of evidence to sustain the count, or for technical reasons. If the defendant had prosecuted his exceptions, he would have been entitled to a decision of the question whether a cause of action was set forth by the count. The instruction to the jury, in connection with the ruling on the second count, as to what it was necessary to prove to recover upon the first count, indicates clearly that the ruling as to the second count was that it did not set forth a cause of action. When, therefore, the plaintiff was permitted to prove that the present defendant had, as plaintiff in that suit, presented and put on file by his attorney another bill of exceptions, in which it was stated that the court ruled that the plaintiff in the writ of entry could not recover on

the second count, as the portion of the house, etc., named in the deed, was wholly excepted from the deed, and that the defendant in that suit had not covenanted that he was seised in fee of the same, nothing more was shown than had already been proved by the bill of exceptions admitted without objection. This evidence was therefore immaterial; and exception thereto cannot be sustained, as it is not shown that the defendant was in any way prejudiced thereby. *Burghardt* v. *Van Deusen*, 4 Allen, 374. *Bragg* v. *Boston & Worcester Railroad*, 9 Allen, 54. *Wing* v. *Chesterfield*, 116 Mass. 353. *Exceptions overruled.*

*G. M. Stearns*, for the defendant.
*C. L. Long*, for the plaintiff.