WORCESTER COAL COMPANY *vs.* GEORGE D. UTLEY.

Worcester.    September 29, 1896. — February 25, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Guaranty — Evidence.*

In an action upon a written guaranty given to a corporation, its officers, having been shown the instrument, may be asked whether they sold and delivered goods to the person named therein upon the faith of the instrument.

In an action upon a written guaranty given to a corporation, the signature to which the defendant contends was forged, officers of the corporation, who have testified that they had sold and delivered goods to the person named therein upon the faith of the instrument, may be asked whether they had any intimation that the instrument was a forgery, or any reason to suppose that it was not good.

CONTRACT, upon four promissory notes and two instruments of guaranty.   At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the

defendant alleged exceptions to the admission of evidence, the nature of which appears in the opinion.

*W. S. B. Hopkins*, for the defendant.

*F. P. Goulding*, (*F. L. Dean* with him,) for the plaintiff.

LATHROP, J.  The plaintiff sold coal from time to time to the Southbridge Coal Company, and seeks in this action to hold the defendant, as guarantor, on one or both of two instruments purporting to be signed by him.  The first of these instruments reads as follows: "July 25, 1882.  Worcester Coal Co.  I will guarantee the payment of bills which the Southbridge Coal Company may have with you, and will indorse their notes at any time."  The second is in this form: "August 1, 1882.  Worcester Coal Co., Worcester, Mass.  In consideration of one dollar, the receipt of which is hereby acknowledged, I agree to guarantee the payment of all amounts that may be contracted for by the Southbridge Coal Co. with the Worcester Coal Co., and will from time to time indorse any and all notes that may be given your Co. by said Southbridge Coal Co., for such amounts and upon such time as may be requested by your Co."

The defendant admitted signing the first instrument, but contended that his signature to the second instrument was a forgery. The case was submitted to a jury under instructions, to which no exceptions were taken, in regard to the necessity of acceptance by the plaintiff of one or both guaranties, and as to what would be the effect if the second instrument was a forgery.  As the jury returned a general verdict for the plaintiff, and made no special finding as to whether the second instrument was a forgery, it is impossible to determine what view the jury took in regard to it.

The reason for taking the second instrument appears from the evidence to have been that, while the officers of the plaintiff considered the first guaranty sufficient, they wanted one "a little fuller," and so gave to one Goodier, the agent of the Southbridge Coal Company, a form for a new guaranty, which he was to procure the defendant to sign.

The only questions raised by the exceptions relate to the admission of evidence put in by the plaintiff.  One Miller, the manager of the plaintiff company, and one Parks, its treasurer, were shown the first guaranty, and each was asked whether he

sold and delivered coal to Goodier on the faith of that agreement. No objection was made to the form of the question. Each witness answered that he did. We see no objection to this. The case of *Douglass* v. *Reynolds*, 7 Pet. 113, is directly in point in favor of the admissibility of the question. See also *Bell* v. *Bruen*, 1 How. 169, 183.

Parks was also asked whether he had any intimation that the second instrument was a forgery. Miller was asked whether he had any reason to suppose that the second guaranty was not good. Each witness answered in the negative. We are of opinion that allowing the questions to be put and answered affords the defendant no ground of exception. If, as the defendant contends, the evidence was immaterial to any issue in the case, the defendant's exception to its admission cannot be sustained, unless he shows that he was prejudiced thereby. *Warner* v. *Jones*, 140 Mass. 216. The evidence was put in to show good faith on the part of the officers of the plaintiff, and not to show that the instrument was not a forgery. We cannot accede to the contention that the evidence amounted to an expression of opinion on the part of the witnesses that the instrument was not a forgery. If there was any danger that the jury would take this view of it, the defendant should have requested that the jury be instructed not so to regard it.

*Exceptions overruled.*