Jonathan B. Dixon *vs.* Annie E. Smith, executrix.

Suffolk.     March 20, 1902. — April 2, 1902.

Present: Holmes, C. J., Morton, Barker, Hammond, & Loring, JJ.

*Practice, Civil*, Exceptions. *Landlord and Tenant*, Tenant at Sufferance. *Deed*, Registration.

The admission of immaterial evidence which does the excepting party no harm will not sustain an exception.

A tenant at sufferance made such by a conveyance of which he had no notice or knowledge is not liable in an action for rent under Pub. Sts. c. 121, §§ 3, 6, 8.

The recording of a deed is not constructive notice to one having an antecedent interest in the land conveyed.

CONTRACT for use and occupation of a certain dwelling house in Medford. Writ in the Municipal Court of the City of Boston dated March 27, 1899.

On appeal to the Superior Court the case was tried before *Hardy*, J., without a jury. The judge refused certain rulings requested by the plaintiff and found for the defendant; and the plaintiff alleged exceptions.

*J. B. Dixon, pro se.*

*W. F. Kimball*, for the defendant, submitted a brief.

BARKER, J. The plaintiff on October 1, 1897, took a deed from one Martin of lands which included a house and lot then occupied by the defendant's testator, under an arrangement with Martin by which the testator was to have the house and lot for a term ending June 30, 1898. The deed to the plaintiff contained a clause to the effect that the house and lot mentioned were conveyed subject to a lease to the testator for a term ending June 30, 1898, and that the lease remained the property of Martin. The testator died on January 20, 1898, and there was evidence that he had paid rent to Martin to the first day of February following. The plaintiff gave no notice of his purchase of the property until after the death of the testator. A lease from Martin to the testator for the term ending June 30, 1898, was in fact drawn up and executed by Martin, but it was never signed by or delivered to the testator who had no notice or knowledge of it, and it remained after execution in the possession of Martin, and at the time of the trial had been lost.

On March 27, 1899, the plaintiff brought this suit against the defendant as executrix for use and occupation of the house for the seven months from October 1, 1897, to May 1, 1898.

The trial in the Superior Court was without a jury and after a finding for the defendant the case comes here upon the plaintiff's exceptions.

The first exception is to the admission in evidence of the contents of the undelivered lease. Assuming in favor of the plaintiff that the evidence was inadmissible, the bill of exceptions shows that upon the rest of the evidence with or without this the defendant was entitled to judgment. Therefore the introduction of the evidence of the contents of the lease did the plaintiff no harm and this exception must be overruled, because

upon a point wholly immaterial to the finding, and not shown by the bill to have injured the excepting party. *Commonwealth* v. *Bailey*, 11 Cush. 415. *Burghardt* v. *Van Deusen*, 4 Allen, 374, 377. *Bragg* v. *Boston & Worcester Railroad*, 9 Allen, 54. *Wing* v. *Chesterfield*, 116 Mass. 353. *Warner* v. *Jones*, 140 Mass. 216. *Worcester Coal Co.* v. *Utley*, 167 Mass. 558, 560.

The second exception was to the refusal to rule that the testator's tenancy at will was converted by the deed to the plaintiff into a tenancy at sufferance and that the tenant at sufferance became liable to the plaintiff for such time as he or his executrix continued to occupy or detain the house or any part of it.

The language of Pub. Sts. c. 121, §§ 3, 6, 8, does not purport to give an action for any rent except such as accrued in the lifetime of the tenant at sufferance, and therefore the request could not be given in terms. Upon the undisputed evidence the plaintiff had given no notice of his ownership of the house until after the death of the defendant's testator, who was not shown ever to have had knowledge of the transfer of title. It has long been held to be "a rule, founded on the plainest principles of equity and fair dealing, that where a right of action depends on a fact peculiarly within the knowledge of the plaintiff, and which the other party may not be presumed·to know, and does not in fact know, the plaintiff must give the defendant notice of such fact." *Furlong* v. *Leary*, 8 Cush. 409, 410. The provisions of Pub. Sts. c. 121, making tenants at sufferance liable for rent, like those of Pub. Sts. c. 175, giving a summary process for the recovery of land are to be construed with this rule. It has often been applied to proceedings under Pub. Sts. c. 175 and under corresponding provisions of earlier statutes. *Furlong* v. *Leary*, *ubi supra*. *McFarland* v. *Chase*, 7 Gray, 462, 463. *Mizner* v. *Munroe*, 10 Gray, 290. *Pratt* v. *Farrar*, 10 Allen, 519, 520. *Lawton* v. *Savage*, 136 Mass. 111, 115. As was said in *Farley* v. *Thompson*, 15 Mass. 18, 26, "If the assignee of a reversion will lie by, and suffer the lessee to pay rent to the lessor as it falls due, he has no ground for complaint, although he may suffer by his neglect."

In all the cases cited by the plaintiff in which a tenant at will who has become a tenant at sufferance by a conveyance of the property has been held liable for rent under the provisions of

Pub. Sts. c. 121, the tenant was shown to have had notice of the transfer. See *Bunton* v. *Richardson,* 10 Allen, 260 ; *Merrill* v. *Bullock,* 105 Mass. 486 ; *Lucier* v. *Marsales,* 133 Mass. 454 ; *Cofran* v. *Shepard,* 148 Mass. 582. In *Emmes* v. *Feeley,* 132 Mass. 346, the tenant had notice of the change of title by the taking before the date from which he was held to pay. We are therefore of opinion that a tenant at sufferance made such by a conveyance of which he has no notice or knowledge is not liable to an action for rent under the provisions of Pub. Sts. c. 121, §§ 3, 6, 8, and that in the state of the evidence the first ruling requested was rightly refused.

The remaining exception is as to the effect of the undelivered lease and of the clause in the plaintiff's deed referring thereto. We assume without so deciding that the terms of the request were correct in law. Upon the uncontradicted evidence the whole matter was immaterial and the request was for that reason rightly refused.

It was suggested by the plaintiff at the argument that the defendant's testator was to be charged with notice of the deed from Martin to the plaintiff because that deed was recorded in accordance with the statutes relating to the registration of conveyances of land. But the defendant's testator was not bound to take notice of the record of a conveyance which was subsequent to the creation of the testator's interest in the land. *George* v. *Wood,* 9 Allen, 80. *Western Union Telegraph Co.* v. *Caldwell,* 141 Mass. 489, 493.

*Exceptions overruled.*