## ABRAHAM EVANS *vs.* ISAAC REED.

An undertenant, after the termination of his landlord's tenancy, becomes tenant at sufferance to the original lessor, and is therefore not entitled to the notice to quit, prescribed by Rev. Sts. *c.* 60, § 26.

ACTION OF TORT for breaking and entering a dwelling-house in Weymouth, and removing the plaintiff's furniture. At the trial in the court of common pleas, there was evidence of the following facts:

The defendant, being the owner of the house, leased it to Mrs. Thacker at an entire monthly rent, and she, with his consent, let a portion of it to the plaintiff, and he occupied the same, paying rent to her monthly as long as she remained. She afterwards delivered up the premises to the defendant, and terminated her tenancy. But the plaintiff remained; and contended that he was a tenant at will of the defendant, and as such entitled to written notice to quit, according to Rev. Sts. *c.* 60, § 26, before the defendant could enter and disturb his occupation; although there was evidence tending to show that he had had reasonable notice to quit.

But *Perkins*, J. instructed the jury that, upon these facts, the plaintiff's rights, so far as the defendant was concerned, depended on the rights of Mrs. Thacker, and ceased when her tenancy was

legally terminated ; and that a reasonable notice to leave the premises was the only notice to which the plaintiff was entitled. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*F. A. Kingsbury*, for the plaintiff.

*E. F. Hall*, for the defendant.

BY THE COURT.    It is very obvious that there was no privity between these parties; no contract or agreement, express or implied.    Reed was lessor, Thacker lessee, and Evans undertenant to Thacker.    Had Evans remained after Thacker left, and Reed accepted rent of him, it would have been evidence from which an agreement to accept the plaintiff as a tenant might have been implied.

As it was, Evans became tenant at sufferance ; that is, having come in rightfully, his entry and taking of possession were not wrongful, and so he was not a trespasser ; but he had no continuing right of possession, and therefore the entry of the true owner, who had the present right of possession, was not tortious as against him, and was no breach of his close. No notice to quit was necessary. *Hollis* v. *Pool*, 3 Met. 350.

*Exceptions overruled.*