## ELIZA J. EMMES *vs.* JAMES FEELEY.

Suffolk. Nov. 17, 1881. — March 1, 1882. C. ALLEN, J., absent.

A taking of land by a city for the purpose of widening a street, without actual eviction, does not determine the estate of a tenant at will of the land.

A conveyance in fee of a portion of a parcel of land determines the estate of a tenant at will in the entire parcel.

A tenant at will is not estopped to deny that since his own entry into possession his landlord's title has been determined by the act of the landlord.

If a tenancy at will is terminated between two rent days, by a conveyance of the premises by the landlord to a third person, the tenant is not liable to his landlord for use and occupation of the premises from the beginning of the term to the date of the conveyance; and the St. of 1869, c. 368, does not apply.

A tenant at will, who continues to occupy land after a portion of it has been conveyed by the landlord to a third person, is liable as a tenant at sufferance, under the Gen. Sts. c. 90, § 25, to pay as rent what the remaining portion of the premises is reasonably worth, from the date of the conveyance to the entry by the grantee.

CONTRACT for use and occupation of a building on Commercial Street in Boston, from January 1 to April 1, 1880. Trial in the Superior Court, before *Staples*, J., who reported the case for the determination of this court, in substance as follows :

On April 7, 1878, the plaintiff demised the premises by written lease to the defendant for one year, at a rent of $50 per month, payable monthly. After the expiration of the term, the defendant continued in possession of the premises until April 1, 1880, and paid the same rent as was reserved by the

lease until July 1, 1879, after which day the rent was reduced by agreement of the parties to $44 per month, payable on the first day of each month; and afterwards it was further reduced to $40 per month, payable at the same time. In September 1879, the city of Boston passed an order, taking about two thirds of the land on which the building was erected, in order to widen Commercial Street, with the right to the plaintiff to remove the building from the land so taken. The city never actually entered on or took possession of the part so taken until after April 1, 1880. The defendant, by agreement with the plaintiff, continued to occupy the whole premises as one tenement, the same as before said order was passed, and paid rent therefor at the rate of $40 per month on the first day of each month up to December 1, 1879, and, at a slightly reduced rate, on January 1, 1880, for the month of December 1879. On January 23, 1880, the plaintiff sold and conveyed to the city the land before that time taken by the city.

The defendant was not disturbed by the city in his occupation up to April 1, 1880. He did not have actual notice of the taking by the city until after January 1, 1880; and, on being informed of that fact, refused to pay rent, but continued to occupy the building, and did not attorn to the city then or afterwards. On February 5, 1880, the city notified the owner and occupants of said building to remove it by the first of March, 1880.

On the foregoing facts the defendant contended that the plaintiff was not entitled to recover. The plaintiff contended that he was entitled to recover the full amount of the rental value of the premises for January, February and March 1880, at $35 per month.

The judge ruled that, by reason of the deed of the plaintiff to the city, of January 23, 1880, the plaintiff could not recover for use and occupation of the entire premises for either or all of said months, but might recover, for the use and occupation of the unconveyed portion for January, February and March 1880, the proportion of the whole rent which such unconveyed portion bore to the entire estate.

The jury returned a verdict for the plaintiff for $35. If the ruling was correct, judgment was to be entered on the verdict.

If the plaintiff was not entitled to recover, judgment was to be entered for the defendant. If the plaintiff was entitled to recover the rental value of the entire premises, the verdict was to be amended so as to be a verdict for the plaintiff for $105, and judgment entered thereon.

*T. E. Grover*, for the defendant.

*S. J. Thomas*, for the plaintiff.

FIELD, J. The defendant, after the expiration of the term for which the land was demised to him by the written lease, became a tenant at will of the plaintiff. This tenancy was not determined by the taking of a part of the land by the city of Boston, for the city thereby took an easement only, and not the fee, and the defendant was not evicted from any part of the land.

The conveyance of a part of the land in fee by the plaintiff to the city of Boston determined the tenancy at will. *McFarland* v. *Chase*, 7 Gray, 462

The tenant is not estopped to deny that, since his own entry into possession, his landlord's title has been determined by the act of the landlord. *Hilbourn* v. *Fogg*, 99 Mass. 11. *Lamson* v. *Clarkson*, 113 Mass. 348.

The plaintiff cannot recover of the defendant rent from January 1 to January 23, 1880, when the conveyance to the city was made. She cannot recover it of the defendant as tenant at will, because she has determined this tenancy between two rent days, and the rent cannot be apportioned. *Fuller* v. *Swett*, 6 Allen, 219, note. *Dexter* v. *Phillips*, 121 Mass. 178. She cannot recover it of the defendant as tenant at sufferance, because during that time the defendant was tenant at will. *Nicholson* v. *Munigle*, 6 Allen, 215. This case is not within the St. of 1869, c. 368.

If the conveyance to the city had been of the whole land, the defendant after the conveyance would be liable for rent to the city under the Gen. Sts. c. 90, § 25, as tenant at sufferance. *Bunton* v. *Richardson*, 10 Allen, 260.

As the conveyance of a part of the land to the city must be held to have determined the tenancy at will as to the whole land, it is in accordance with the principles of law to hold that, after such a conveyance and before entry by the plaintiff, the defendant is a tenant at sufferance of the plaintiff of the portion of the

land remaining to the plaintiff. He cannot be a tenant at will of the plaintiff of that portion, because there never has been any agreement express or implied on the part of the plaintiff to let, and on the part of the defendant to hire, that portion of the land. *Edwards* v. *Hale*, 9 Allen, 462, 464.

The defendant cannot well be considered a trespasser merely from holding over after the determination of the tenancy at will by the plaintiff, for he came into possession by right.

We think that the defendant as tenant at sufferance is liable, under the Gen. Sts. *c.* 90, § 25, to pay rent to the plaintiff from January 23, 1880, for the use and occupation of the portion of the land owned by the plaintiff after that time.

The amount of rent to be paid is not to be determined by " the proportion which such unconveyed portion bore to the whole estate," but is the sum which the jury find the use and occupation of that portion for that time were reasonably worth. As the justice who tried the cause instructed the jury to find according to such a proportion, and for the whole month of January as well as February and March, and not from January 23, the verdict must be set aside; and, as the terms of the report do not enable us to enter any judgment in accordance with our views of the law, there must be a *New trial ordered.*