LUCY E. SWIFT vs. MABEL M. BOYD.

SAME vs. SAME.

SAME vs. SAME.

SAME vs. SAME.

MABEL M. BOYD vs. LUCY E. SWIFT.

Plymouth. December 10, 1908. — May 19, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Landlord and Tenant*, Tenancy by sufferance. *Practice, Civil*, Judge's charge.

The owner of a certain building did not own the land upon which it stood, but as a tenant at will paid to the owner of the land a ground rent for such land, and let the building as a store to one who paid him an agreed price therefor. The owner of the land by a lease in writing let a larger parcel of land, which included that upon which the building stood, to the occupant of the building, the lease containing no reservation or condition relating to the building. The owner of the building at once knew of such lease, but did not remove the building from the land, and refused to pay to the lessee any rent for the land it occupied. *Held*, that, upon the making of the lease, the owner of the building became as to the land upon which the building stood a tenant at sufferance of the lessee named in the lease and in the absence of any special agreement between the parties was liable under R. L. c. 129, § 3, to such lessee for rent of the land occupied by the building.

At the trial of an action of contract upon an account annexed for the use and occupation of certain land, it appeared that the land was occupied by a building owned by the defendant, who at one time had paid a ground rent to the owner of the land, and that the building was occupied by the plaintiff by permission of the defendant; that, at the beginning of the period stated in the account annexed, the owner of the land had leased it by a lease in writing to the plaintiff. The answer contained an allegation of payment and there was evidence tending to show an agreement between the parties whereby the rent due to the plaintiff from the defendant was applied toward payment of the amount due to the defendant from the plaintiff, and that both parties treated the building as a chattel. The presiding judge charged the jury that the "defendant must show that the plaintiff agreed not to charge her any land rent after the plaintiff had taken the lease, and that the defendant would be liable to pay said land rent unless he was excused from so doing by the plaintiff." *Held*, that the defendant was not harmed by the charge.

The fact, that, upon the owner of land making a lease of it to another, and a former tenant at will thus becoming a tenant at sufferance of the lessee, such tenant at sufferance asserts that he will pay no rent to the lessee, does not affect his liability to do so under R. L. c. 129, § 3.

FOUR ACTIONS OF CONTRACT, the declaration in each of which was upon an account annexed containing one item " for

use and occupation" of land "hired of the plaintiff by the defendant at eight dollars a month." In the third action the defendant filed a declaration in set-off " for use and occupation of a certain building or store in said building . . . hired of the defendant by the plaintiff at $20 per month." Writs in the Superior Court for the county of Plymouth dated respectively December 19, 1903, January 13, 1905, September 9, 1905, July 20, 1906. Also

CONTRACT by the defendant in the above actions against the plaintiff therein with a declaration upon an account annexed with a single item for use and occupation of the store mentioned in the declaration in set-off in the third of the preceding actions for a different period than that therein mentioned. Writ in the Superior Court for the county of Plymouth dated July 23, 1906.

The cases were tried together before *Holmes,* J. The facts are stated in the opinion. At the close of the evidence Mrs. Boyd asked the presiding judge to rule as follows:

" 1. That [if the jury find that the plaintiff was informed by Mrs. Boyd that she will pay no land rent after the plaintiff took her lease of said land, and that the rent of the building thereon would be $18 per month net and afterwards $20 per month net, then the plaintiff cannot maintain her actions.

" 2. That if the jury find that the plaintiff understood from the presentment of the rent bill on August 1, 1902, and on September 1, 1902, that Mrs. Boyd would not pay any land rent after the plaintiff had taken a lease, then the plaintiff cannot maintain any action against the defendant for rent or for use and occupation of said land.

" 3. That if the jury find if the plaintiff occupied said store and land with the right to give up said store at any time and knowing the claim made by the defendant, that she would not pay the land rent, then the plaintiff Swift cannot maintain these actions."

The presiding judge refused to rule as requested, and in his charge to the jury made among others the statement quoted in the opinion. The jury found for the plaintiff in the first four, and for the defendant in the fifth case; and Mrs. Boyd alleged exceptions, which, after the death of *Holmes,* J., were allowed by *Richardson,* J.

*B. E. Holland & C. B. Loud,* for Mabel M. Boyd.

*E. B. Powers,* for Lucy E. Swift.

RUGG, J.   The exceptions in the action of *Boyd* v. *Swift* have not been argued, and so far as not expressly waived are treated as waived.   Therefore what we have to say relates wholly to the four actions, which are brought by Swift to recover rent due her from Boyd as her tenant at sufferance.

Certain persons, called the Sawyer heirs, owned a tract of land.   On this land was a building belonging to the defendant. Before July 1, 1902, the defendant, occupying the land with her building as tenant at will of the owners, paid them an agreed monthly ground rent.   The plaintiff took a lease of this land from the owners for a term of years beginning with July 1, 1902, so far as appears with no reservations and subject to no conditions as to the building.   The defendant knew of this at once.   She did not remove her building, but suffered it to remain upon the land of which the plaintiff held the lease.   She thus became as to the building the tenant at sufferance of the plaintiff.   *Lash* v. *Ames,* 171 Mass. 487, 490.   *Benedict* v. *Morse,* 10 Met. 223, 229.   All parties treat the building as personal property.   Its character is also inferable from the statement in the exceptions that for several years previous to the beginning of the present controversy the defendant had been tenant at will occupying this land with her building.   This tenancy was terminated by the lease of the land to the plaintiff. After this lease the building was at best personal property of the defendant.   *Emerson* v. *Somerville,* 166 Mass. 115.   *Emery* v. *Boston Terminal Co.* 178 Mass. 172, 186.   To regard it as personal property is most favorable to the defendant, for if it was a part of the real estate it passed to the plaintiff by her unqualified lease of the land from its owners.

The defendant, having become as to her building the tenant at sufferance of the plaintiff, was liable by statute, in the absence of special agreement, to pay a reasonable rent for the land upon which stood her building.   R. L. c. 129, § 3.   This was the relation subsisting between Miss Swift as lessee for a term of the land and Mrs. Boyd as her tenant by sufferance in occupying the land with her building.

At the same time there existed another relation between them

from which all the trouble springs.   Mrs. Boyd owned the building, and Miss Swift used it for a store.   Previous to July 1, 1902, ·the latter had paid to Mrs. Boyd a stipulated recompense for its use.   Thereafter the hire to be paid for this chattel was the subject of discussion between the parties.   There was some evidence that Mrs. Boyd demanded of Miss Swift as such hire that the latter should relieve her from ground rent and pay beside $18 per month in cash, which was subsequently raised to $20 per month, and that Miss Swift refused to accede to this demand.   In this state of affairs Miss Swift for a considerable time paid the money demanded month by month, reserving all her rights to recover rent of Mrs. Boyd for the use of the land.

These being actions to recover money claimed to be due for rent, the burden was upon the plaintiff Swift to prove that she was entitled to rent by a preponderance of the evidence.   Looking at the relation of the parties solely in the light of the tenancy at sufferance, the plaintiff, having established the. fact of such tenancy, was entitled to recover.   But that was not their only relation.   There was another growing out of the use by Miss Swift for a store of the building belonging to Mrs. Boyd. .There was evidence tending to show that touching this subject the parties had such conversation and correspondence that the jury might find that they agreed that the rent due from Mrs. Boyd as tenant at sufferance of Miss Swift should be paid by the latter's use of the store at a cash compensation fixed in view of the additional part payment by this rent.   The answer of the defendant Boyd in each action contains an averment of payment. Upon this issue the burden of proof was upon her.   *Burnham* v. *Allen*, 1 Gray, 496, 502.   *Temple* v. *Phelps*, 193 Mass. 297.

In other words the plaintiff's case was made out by the statute according to the terms of which a tenant at sufferance is liable for rent.   Then the burden was upon the defendant to prove her independent defense of payment, in avoidance of a proven liability.   The claim of the defendant, although not stated with perfect clearness, amounted not to a rebuttal of the existence of tenancy by sufferance, but to an independent fact in avoidance of a present obligation to pay rent due under that tenancy, namely, that she had made a contract with a plaintiff, by the terms of which the rent thus due was to be applied by the plaintiff in part

payment of a debt owed from her to the defendant for the use of the building. This is what we understand the presiding judge meant when he told the jury (this being the only part of the charge excepted to) that the " defendant Boyd must show that the plaintiff Swift agreed not to charge her any land rent after Miss Swift, the plaintiff, had taken the lease, and that defendant Boyd would be liable to pay said land rent unless she was excused from so doing by the plaintiff Swift." While this is not expressed in the concise and accurate phraseology necessary in a nice analysis of the legal rights of the parties, it does not appear to be a failure to use such practical language as to convey to the jury an adequate guide to ascertain where the truth lay as matter of fact and do justice between the conflicting claims of the parties.

The rulings requested by the defendant were properly refused. All of them contain the element that assertion by Mrs. Boyd, that she would pay no rent after the plaintiff procured the lease of the land, was a vital and possibly decisive fact. Such refusal in itself was of no consequence. By continuing to occupy the plaintiff's land with her building, the defendant was made liable for rent by the statute. Her refusal to recognize that she was bound by the law had no effect upon the rights of the parties. It is suggested in argument by the defendant that the plaintiff had no right respecting the store building under her lease from the owners of the land. This argument is fallacious. There is no evidence that the defendant had any right in the building, except that arising from her ownership of a chattel so bulky in its nature that she was obliged to use land for its storage. There is no suggestion in the evidence that the plaintiff's lease of the land was subject to the building. The defendant had no right to continue it on the plaintiff's land after the termination of her tenancy at will without paying rent, in the absence of a special agreement, no matter how vigorously she might deny such liability.

*Exceptions overruled.*