JENNIE I. GAVIN *vs.* DURDEN COLEMAN LUMBER COMPANY.

Middlesex.     January 8, 9, 1918. — March 4, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant. Mortgage,* Of real estate.     *Agency. Election. Witness,* Cross-examination.     *Practice, Civil,* Exceptions, New trial.

Where the tenancy of a tenant at will paying rent by the month was terminated by a conveyance of the property by the landlord eleven days after the last rent day, the landlord in an action for use and occupation against his former tenant at will cannot recover any rent for the eleven days immediately preceding the termination of the tenancy, because no rent had accrued for that period.

Where the owner of land, which is occupied by a tenant at will, conveys it to another by a warranty deed, taking back a mortgage, and afterwards forecloses the mortgage and again acquires title to the land by a deed made under a power in the mortgage, he has no claim for rent under R. L. c. 129, § 3, against his former tenant at will for a period during which, without notice or knowledge of the conveyance by the owner, the former tenant continued to occupy the land as a tenant at sufferance.

Where services are rendered and money is paid for a person who afterwards turns out to have been the agent for an undisclosed principal, an action for the services and money brought against the agent, in which judgment is entered and execution issued while the plaintiff still is ignorant of the existence of the principal, if the judgment is wholly unsatisfied, is not an exercise of the plaintiff's right of election to hold the agent, and, therefore, is no bar to an action for the same services and money brought against the principal when he has become known.

The exclusion of evidence, offered on the cross-examination of a witness for the purpose of showing bias, is within the discretionary power of the presiding judge, which in the present case was exercised properly.

No exception lies to a denial of a motion for a new trial by the trial judge in the proper exercise of his discretion.

CONTRACT, by Jennie I. Gavin, the wife of Thomas J. Gavin, of Watertown, against the Durden Coleman Lumber Company, a corporation organized under the laws of the State of Georgia, a manufacturer and a wholesale dealer in pine lumber having no place of business in this Commonwealth, with a declaration in two counts, the first count being for the use and occupation of a certain tract of land on Arsenal Street in Watertown from August 4, 1914, to January 4, 1915, at $25 a month, $125, and the second count as the assignee, through a third person, of a

certain account of the plaintiff's husband against the defendant, amounting to $486. Writ dated February 15, 1916.

In the Superior Court the case was tried before *Wait*, J.    The evidence is described in the opinion.   At the close of the evidence the defendant asked the judge to make the following rulings, besides two others which were waived:

"1. On all the evidence the plaintiff is not entitled to recover and your verdict should be for the defendant.

"2. Thomas J. Gavin (the husband of the plaintiff in this action) having elected to bring suit against the Boston and Southern Lumber Company on the items making up 'Count 2' in the Second District Court of Eastern Middlesex at Waltham and the Municipal Court of the City of Boston, cannot later by the assignment of the bill to his wife thus enable her to maintain a suit on the same bill against this defendant.

"3. As to the first count of the plaintiff's declaration, which is a claim for use and occupation of land in Watertown from August 4, 1914, to January 4, 1915, the plaintiff having given a deed of this land to one James J. Hunnewell, she is precluded from recovery against this defendant during the time the title to said land was in Hunnewell.

"4. Thomas J. Gavin (the husband of the plaintiff in this action) having elected to bring suit against the Boston and Southern Lumber Company in the Second District Court of Eastern Middlesex at Waltham, secured judgment and had execution issued to him on the item 'August 4, 1914, Check paid Boston and Maine Railroad $325,' the plaintiff in this action cannot, of course, prevail on that item against this defendant.

"5. The bringing suit and taking judgment by Thomas J. Gavin (the husband of the plaintiff in this action) against the Boston and Southern Lumber Company was an election to hold the said Boston and Southern Lumber Company for the bill which it is now claimed is due this plaintiff by the Durden Coleman Lumber Company.

"6. The bringing of suit by Thomas J. Gavin (the husband of the plaintiff in this action) against the Boston and Southern Lumber Company in the Municipal Court of the City of Boston for the same items claimed to be recovered for in count two of this suit, after Gavin knew the Boston and Southern Lumber Company in

contracting the bill claimed to be agent for the defendant was an election on his (Gavin's) part to hold the Boston and Southern Lumber Company for. the bill, and the plaintiff, by taking an assignment of the bill from him, cannot hold the defendant liable on the same."

The judge refused to make any of these rulings and left the case to the jury with other instructions.

The jury returned a general verdict for the plaintiff in the sum of $676.68; and the defendant alleged exceptions. The defendant also filed a motion for a new trial, which was denied by the judge. The judge made an order that the defendant's exception to his denial of the motion for a new trial might be incorporated into the defendant's bill of exceptions.

*J. F. Barry,* (*W. S. McCallum* with him,) for the defendant.
*P. M. Lewis,* (*P. B. Bennett* with him,) for the plaintiff.

PIERCE, J. On the first count the plaintiff seeks to recover rent of the defendant for the use and occupation of certain premises from August 4, 1914, to January 4, 1915, at $25 per month. There was evidence to warrant a finding that the defendant became a tenant at will and entered into possession of the premises on August 4, 1914, under an implied contract made by the duly authorized agents of the plaintiff and the defendant.

On September 17, 1914, the plaintiff, by warranty deed, conveyed the entire premises and received simultaneously a mortgage deed to secure the purchase money. On December 17, 1914, the mortgage was foreclosed and the plaintiff acquired the title. The defendant occupied the premises for the time stated in the declaration, without the payment of rent and without notice of the transfer of title by the conveyance of the plaintiff or under the power of sale.

Under these circumstances the plaintiff cannot recover for the rent between September 4 and September 17, 1914, because the stipulated rent had not accrued and there cannot be an apportionment. *Lamson* v. *Clarkson,* 113 Mass. 348. *Emmes* v. *Feeley,* 132 Mass. 346. *Hammond* v. *Thompson,* 168 Mass. 531.

Nor can there be a recovery of rent after the conveyance. The title of the plaintiff, under which the defendant entered into possession of the premises, was determined by the voluntary transfer of the reversion; the defendant thereupon became a tenant at

sufferance and, after notice of the transfer, liable to pay rent to the grantees if he continued in possession. R. L. c. 129, § 3. *Hollis* v. *Pool,* 3 Met. 350. *Furlong* v. *Leary,* 8 Cush. 409. *Bunton* v. *Richardson,* 10 Allen, 260. · *Pratt* v. *Farrar,* 10 Allen, 519. *Dixon* v. *Smith,* 181 Mass. 218. *Jones* v. *Donnelly,* 221 Mass. 213. As there is no evidence of notice of the alienation of title, the plaintiff cannot recover for use and occupation after September 17, 1914, and the exception in this regard must be sustained.

Upon the several issues raised at the trial upon the second count, notwithstanding the incomplete and somewhat inconsistent testimony of the witnesses, the jury would be warranted in finding that the assignor of the plaintiff expended the money and rendered the services at the times and to the amounts as they appear in the account annexed; that the money was expended and the services were rendered at the request of the Boston and Southern Lumber Company, a Massachusetts corporation; that the Boston and Southern Lumber Company in this transaction was the duly authorized agent and acted in behalf of the defendant, the Durden Coleman Lumber Company, a foreign corporation which had no place of business in this Commonwealth; that the fact of the agency for the corporation was unknown to the assignor at the time the money was paid and the services were performed; that the items were charged and credit was given to the agent; that an action was brought against the agent to recover the first item of the account annexed, $325; that judgment in default was entered; that execution issued; that the judgment is unsatisfied in whole or in part; that the plaintiff in the action was ignorant of the existence of a principal when he recovered judgment against the agent; that another action was brought against the agent to recover the sum claimed to be due upon the remaining items of the account annexed, and that the action is now pending.

It is the settled law that a person dealing with an agent of an undisclosed principal may, upon discovery of the principal, resort to him or to the agent with whom he deals at his election. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319. And it is equally well settled that an election once made with full knowledge of the liability of the newly discovered principal, determines the right and obligations of the parties. The requests, in substance, to

rule that the bringing of the action and taking judgment against the agent, and the bringing of an action against the agent "for the same items claimed to be recovered for in count two of this suit," was an election to hold the agent, could not have been given. The bringing of an action against the agent, with knowledge of the liability of the principal, is not conclusive of an election unless followed to a judgment. *Raymond* v. *Crown & Eagle Mills, supra. Kingsley* v. *Davis,* 104 Mass. 178. *Estes* v. *Aaron,* 227 Mass. 96. *Priestly* v. *Fernie,* 3 H. & C. 977. The bringing of an action against the agent, followed by his default and the entry of judgment by the creditor in ignorance of the existence of the principal, is not an election because there has never been an opportunity to make a choice. *Greenburg* v. *Palmieri,* 42 Vroom, 83. *Lindquist* v. *Dickson,* 98 Minn. 369.

The exclusion of the evidence on cross-examination "to show bias of a witness . . . by showing . . . [that he] had been sued to judgment by the defendant company, cited into the poor debtor court, where . . . the present plaintiff, went on his bond" when the witness was defaulted and judgment was recovered against the present plaintiff as surety, was within the sound discretion of the judge, who does not appear to have exceeded his authority. *Miller* v. *Smith,* 112 Mass. 470, 476. *Holden* v. *Prudential Ins. Co. of America,* 191 Mass. 153, 157, 158. *Commonwealth* v. *Phelps,* 210 Mass. 109, 114.

No exception was taken to the charge, and we therefore do not consider the argument of the defendant in relation thereto other than to say that we perceive no reversible error in its treatment of the evidence and of the requests for rulings.

The motion for a new trial was addressed to the discretion of the court, and an exception does not lie to its refusal.

Exceptions sustained as to the first count and overruled as to the second count.

*So ordered.*