Dolan, P.J.
In this remand case, C. Healy Associates, Inc. (landlord) has claimed damages against Concord Oil Co., Inc. (tenant), for use and occupation occurring *23 after a lease between them was terminated. Tenant has crossclaimed against its subtenant, Skepi’s Auto Service Inc. (subtenant) .[1] The trial court found for the landlord against the tenant and assessed damages in the amount of $1,750. The court found for the subtenant on tenanf s crossclaim, and tenant appealed to this division on that finding. We find error in the trial court’s finding for the subtenant on tenanfs claim.
In 1982, landlord and tenant entered into a lease agreement for an auto service station. The lease was for a three year term at a rent of $833 per month. Thereafter, tenant entered into an oral agreement with subtenant pursuant to which subtenant would occupy the entire premises and operate the service station. In May, 1984 one of the three storage tanks located on the premises failed and was not replaced. Thereafter, subtenant made no rental payments to tenant and tenant made no rental payments to landlord. In August, 1984, the lease was terminated for failure to pay rent. However, subtenant continued to occupy the premises until January 31,1985 when landlord obtained a judgment for possession of the premises.
The termination of the lease between landlord and tenant terminated the tenancy atwill between tenant and subtenant. Evans v. Reed, 71 Mass. 308, 309 (1855). Prior to the termination of the lease and the sublease, the relation created by the sublease was the ordinary relation of landlord and tenant. 49 AMERICAN JURISPRUDENCE 2d, LANDLORD AND TENANT, §503 (1970). After the termination of the lease, subtenants possession was atenant at sufferance. Maraosian v. Markarian, 288 Mass. 197, 199 (1934). Because a landlord and tenant relationship existed between tenant and subtenant prior to the termination of the lease and sublease, an action may be initiated by tenant against subtenant pursuant to the provisions of G.L.c. 186, §3, applicable to tenants at sufferance. Zevitas v. Adams, 276 Mass. 307, 317 (1931).
The rent of a tenant at sufferance is not the rent fixed in the tenancy agreement but rather is a sum which the finder of fact determines to be the worth of the use and occupancy. Lowell Housing Authority v. Save-Mor Furniture Stores, Inc., 346 Mass. 426, 431 (1963). In this case, the trial judge determined the value of the use and occupancy to be $1,750 rather than the higher rental provided in the lease. He awarded damages of $1,750 for the period ending January 31, 1985.
The judgment for subtenant on tenant’s claim is vacated, and judgment is to enter for tenant against subtenant in possession in the amount of $1,750.
So ordered.

 In a consolidated case, the courtfound forboth the landlord and tenant on subtenant’s claims against them. That case has not been appealed to this division.