UNITEDSTATESCOURTOFAPPEALS
FORTHEFIRSTCIRCUIT
No. 96-2294
MARTIN A. DALE,
Plaintiff, Appellant,
v.
H.B. SMITH COMPANY, INC.,
Defendant, Appellee.
No. 96-2330
MARTIN A. DALE,
Plaintiff, Appellant,
v.
H.B. SMITH COMPANY, INC.,
Defendant, Appellee.
No. 97-1208
MARTIN A. DALE,
Plaintiff, Appellant,
v.
H.B. SMITH COMPANY, INC.,
Defendant, Appellee.
APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Kenneth P. Neiman, U.S. Magistrate Judge]
Before
Stahl, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.
Neva Kaufman Rohan, with whom Robinson, Donovan, Madden & Barry,
P.C. was on brief for appellant.
Peter J. Stasz for appellee.
February 17, 1998
2
CYR, Senior Circuit Judge. Plaintiff Martin A. Dale
challenges various district court rulings relating to a parcel of
commercial real estate located in Westfield, Massachusetts.
Defendant H.B. Smith Co., Inc., a former occupant, cross-appeals.
We affirm the district court judgment, in part, and vacate and
remand in part.
I
BACKGROUND
Dale acquired title to the property in 1980, subject to
a preexisting lease between his predecessor in title and Interna-
tional Harvestor Company ("International") and a preexisting
sublease between International and PCP Realty Trust ("Realty
Trust"). On December 31, 1983, International assigned its
leasehold interests in the property to Dale, including its rights
as sublessor to Realty Trust. Realty Trust thereafter remitted
$1,500 per month to Dale, representing the rent due International
under its sublease. Several years later Realty Trust sublet the
property to cross-appellant Smith at $9,433.67 per month.
On September 15, 1989, Dale initiated a successful state
court action against Smith and Realty Trust to acquire summary
possession of the property, claiming that Realty Trust had failed
to renew the sublease with Dale (qua successor to International) in
accordance with its terms. The state district court entered an
order entitling Dale to recover possession based on its finding
that the Realty Trust sublease had expired on May 31, 1989. Smith
3


</body>
</html>
and Realty Trust appealed to the superior court before Dale could
execute the district court judgment, which had been scheduled for
August 1, 1990. Pursuant to the appeal bond, Smith was required to
continue its regular monthly rent payments to Realty Trust. In
turn, Realty Trust was to continue its rent payments to Dale and
also escrow $7,933.67 monthly with the superior court, representing
the difference between the $9,433.67 rental Realty Trust would
receive directly from Smith and the $1,500 rental Realty Trust paid
directly to Dale. Realty Trust and Smith ceased their payments as
of January 1991.
On May 1, 1991, the superior court appeals filed by Smith
and Realty Trust were dismissed for failure to comply with the
appeal bond. Although Realty Trust subsequently appealed the
dismissal order, its appeal was dismissed on November 4, 1991. In
due course, the superior court released the escrowed monies to
Dale. On February 14, 1992, Dale reentered the property pursuant
to the state court judgment.
The present action was instituted by Dale in the United
States District Court for the District of Massachusetts to recover
damages from Smith for its use and occupancy of the property. Dale
demanded damages equal to the rent prescribed in the Realty Trust-
Smith sublease for each month in which Smith held over as a tenant
at sufferance, together with the property taxes assessed during the
same period. Dale alleged that Smith became a tenant at sufferance
on June 1, 1989
4