SUPREME JUDICIAL COURT 
 
 TJR SERVICES LLC vs. WILLIAM L. HUTCHINSON & another[1]

 
 Docket:
 SJC-13617
 
 
 Dates:
 October 7, 2024 - December 26, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Plymouth
 

 
 Keywords:
 Summary Process, Appeal. Practice, Civil, Summary process, Judgment, Interlocutory appeal. Judgment, Preclusive effect. Housing Court. Land Court. Appeals Court, Appeal from order of single justice.
 
 

       Summary Process.  Complaint filed in the Southeast Division of
the Housing Court Department on January 13, 2023.
      A motion for use and occupancy payments
was heard by Joseph L. Michaud, J.
      A proceeding for interlocutory review was
heard in the Appeals Court by Peter J. Rubin, J.; review by a panel of the
Appeals Court was sought; and the Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.
      Rosemary Traini (Jeffery Johnson also
present) for the plaintiff.
Thomas B. Vawter
for the defendants.
      DEWAR, J. 
In this appeal, we confirm that, where the requirements for issue
preclusion are otherwise met, a judge exercising the court's equitable
authority to order interim use and occupancy payments during the pendency of a
summary process action for possession of a property may rely on a final
judgment of the Land Court declaring who owns the property, even if a party has
appealed from the Land Court's judgment.   

      Background.  The facts relevant to the issues raised in
this appeal are uncontested.  The
plaintiff filed a complaint in the Land Court concerning a property in Duxbury.  As amended, the complaint alleged that,
following a foreclosure sale, the plaintiff was the record owner of the
foreclosed property and that the defendants, who had executed a mortgage in
favor of the plaintiff's predecessor in interest, had refused to cede
possession and control of the property. 
The plaintiff sought, among other things, a judgment declaring that the
plaintiff was the lawful owner of the property. 
A judge of the Land Court issued a judgment concluding that the
plaintiff held title to the property, and that the defendants had no title or
ownership interest in the property.  The
defendants filed a notice of appeal from that decision.
      Shortly after obtaining the Land Court
judgment, the plaintiff filed a summary process complaint in the Housing Court,
seeking possession of the property.  The
plaintiff also filed a motion asking the court to require the defendants to
make use and occupancy payments during the pendency of the summary process
action.  Following a hearing at which
both parties were represented by counsel, a judge of the Housing Court issued
an order allowing the plaintiff's motion for use and occupancy payments.  The court also granted the defendants' motion
to stay the Housing Court proceedings pending the Appeals Court's review of the
Land Court judgment.  The judge scheduled
a separate hearing to determine the appropriate amount of the use and occupancy
payments to be paid.
      Before any hearing to set the amount of
the use and occupancy payments took place, the defendants sought interlocutory
relief from a single justice of the Appeals Court under G. L. c. 231,
§ 118, first par., arguing that any award of use and occupancy payments to
the plaintiff was improper.  The
plaintiff did not have standing to bring the summary process action, they
contended, because the judgment recognizing the plaintiff's interest in the
property was under appellate review.  The
single justice issued an order concluding that the Housing Court judge's
equitable power to order use and occupancy payments existed only where a
judgment had entered in the Housing Court determining ownership of the property
in question, or where ownership of the property was otherwise undisputed.  Further concluding that the Housing Court
judge had not actually determined that the plaintiff owned the property, the
single justice vacated the Housing Court order requiring the defendants to make
use and occupancy payments.
      Following the single justice's order, the
plaintiff filed a renewed motion for use and occupancy payments in the Housing
Court.  The Housing Court judge issued a
second order requiring the defendants to make use and occupancy payments, this
time explicitly concluding that, under the doctrine of res judicata, the Land
Court judgment was "dispositive concerning the issue of ownership of the
property," and that the plaintiff "hold[s] legal title to the
property."   
      The defendants again petitioned the single
justice for relief under G. L. c. 231, § 118, first par., this
time arguing that no liability to pay for use and occupancy of a property could
exist until a summary process judgment had entered.  The single justice granted their petition,
concluding that the Housing Court judge did not have equitable authority to
order use and occupancy payments because he had not definitively rejected the
defendants' claim of ownership of the property; the Housing Court judge's
determination rested on the appealed-from final Land Court judgment that could
still be reversed on appeal.  The single
justice then granted the plaintiff leave to appeal from his order to a full
panel of the Appeals Court.  We
transferred that appeal to this court on our own motion.
      Discussion.  This case arises on a petition to the single
justice under G. L. c. 231, § 118, first par., for relief from
an interlocutory order of a Housing Court judge.  "In acting on a petition for relief
brought under G. L. c. 231, § 118, the authority of the single
justice is 'plenary, with the result that his order will be reviewed on appeal
in the same manner as if it were an identical order by the trial judge considering
the matter in the first instance.'" 
Demoulas v. Demoulas Super Mkts., Inc., 33 Mass. App. Ct. 939, 940
(1992).  Nonetheless,
"[c]onsiderable deference is . . . required on the part of the
single justice to determinations by the [motion] judge, especially where those
determinations involve an exercise of discretion."  Aspinall v. Philip Morris Cos., 442 Mass.
381, 390 (2004).  Upon our review of a
single justice's order, we consider "whether the single justice abused
[his] discretion by entering an order without having a supportable
basis."  Id., quoting Demoulas,
supra.  In doing so, we review questions
of law de novo.  See Bank of N.Y. Mellon
v. King, 485 Mass. 37, 41 (2020) (King). 

      A judge hearing a summary process action
for possession of a property may exercise the court's equitable powers to order
a defendant to make interim use and occupancy payments for the fair rental
value of the premises during the pendency of the action, subject to various
statutory and common-law defenses as well as procedural protections.  See Davis v. Comerford, 483 Mass. 164,
169-184 (2019).  These payments are
intended to "prevent any tenant from occupying premises without making
compensation to his landlord."  Id.
at 169-170, quoting Lowell Hous. Auth. v. Save-Mor Furniture Stores, Inc., 346
Mass. 426, 430 (1963).  
      Although the defendants here never entered
into a tenancy agreement with the plaintiff because this case arose out of a
mortgage foreclosure, "[a] tenancy at sufferance exists when a mortgagor
remains in possession of a premises on which the mortgagee has
foreclosed."  King, 485 Mass. at 49
n.11.  Accordingly, in King, we concluded
that a Housing Court judge could order use and occupancy payments as
"rent" during the appeal of a summary process action following a
mortgage foreclosure, even where the defendant's appeal bond had been waived
due to the defendant's indigency.  Id. at
50.
      Here, the Housing Court judge acted
pursuant to the court's equitable power to order interim use and occupancy
payments during the pendency of a plaintiff's summary process action for
possession, where a final judgment of the Land Court established the
plaintiff's title to the property. 
Although an appeal from the Land Court's final judgment was pending, the
final judgment had preclusive effect, as the Housing Court judge duly
recognized.  
      "[I]ssue preclusion 'prevents
relitigation of an issue determined in an earlier action where the same issue
arises in a later action, based on a different claim, between the same parties
or their privies.'"  Kobrin v. Board
of Registration in Med., 444 Mass. 837, 843 (2005), quoting Heacock v. Heacock,
402 Mass. 21, 23 n.2 (1988). 
"Before precluding a party from relitigating an issue, 'a court
must determine that (1) there was a final judgment on the merits in the prior
adjudication; (2) the party against whom preclusion is asserted was a party (or
in privity with a party) to the prior adjudication; and (3) the issue in the
prior adjudication was identical to the issue in the current
adjudication.'"  Kobrin, supra,
quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998).
      Before this court, the defendants contest
only the first element, that there be a final judgment on the merits.  They argue that the pending appeal from the
Land Court judgment deprives that judgment of finality under Mass. R. Civ. P.
58, as amended, 371 Mass. 908 (1977).  
      To the contrary, we held in O'Brien v.
Hanover Ins. Co., 427 Mass. 194, 201 (1998), that "a trial court judgment
is final and has preclusive effect regardless of the fact that it is on
appeal."  We are unconvinced by the
defendants' argument that our holding in O'Brien was confined to actions under
the Uniform Arbitration Act, G. L. c. 251.  While we did note in O'Brien that such a rule
was "especially appropriate" in cases under that statute, id., our
holding in O'Brien was neither dependent on nor limited to the particular
circumstances there.  Rather, joining
what we noted was a majority of the States, we expressly adopted the Federal
rule, which is applicable to all actions. 
See id. at 200-201 (further noting this approach is favored by
Restatement [Second] of Judgments § 13 comment f [1982]).  Accordingly, in the years since O'Brien, we
have relied on this rule outside the arbitration context.  See Commonwealth v. Hernandez, 481 Mass. 582,
595 (2019), citing O'Brien, supra ("In Massachusetts, as elsewhere, a
trial court judgment is final for purposes of res judicata or issue preclusion
regardless of the fact that it is on appeal"). 
      The Land Court's final judgment that the
plaintiff is the owner of the property in question thus precluded further
litigation of that issue between these parties in the Housing Court
action.  The Housing Court judge therefore
duly relied on that judgment in exercising his equitable authority to order the
defendants to make interim use and occupancy payments during the pendency of
the plaintiff's summary process action for possession of the property,
including while that summary process action was stayed at the defendants'
request pending their Land Court appeal. 
See Davis, 483 Mass. at 176 ("purposes of protecting both landlord
and tenant rights during ongoing summary process proceedings" support
award of interim use and occupancy payments).[2]
      We are unconvinced by the defendants'
remaining arguments.  Citing G. L.
c. 185, § 1, the defendants contend that the Land Court judge could
not decide issues bearing on possession of the property, because that claim is
not within the subject matter jurisdiction of the Land Court.  This argument is inapposite, however, as the
Land Court judgment addressed ownership, not possession.  And while the defendants' briefs to this
court raise arguments disputing the merits of the Land Court's judgment regarding
ownership, their appeal from that judgment is not before us, and we therefore
do not consider those arguments.
      Conclusion.  For the reasons set forth above, we hold
that, where all of the requirements for issue preclusion are met, a judge
hearing a summary process action for possession of a property may rely on a
final judgment of the Land Court regarding ownership of the property in
exercising the judge's equitable powers to order interim use and occupancy
payments during the pendency of the summary process action, even if a party has
appealed from the Land Court's judgment. 
The order of the single justice is reversed, and a new order shall enter
denying the defendants' petition for relief from the order of the Housing Court
judge.
So ordered.

footnotes

[1] Deanna B.
Hutchinson.

[2] We note that
the Housing Court judge's order requires counsel for the plaintiff to hold the
use and occupancy payments to be made by the defendants until final disposition
of the Housing Court action, with the exception of amounts used to pay for
taxes and insurance on the property.  Cf.
Davis, 483 Mass. at 182-184 (discussing considerations relevant to judge's
determination whether to order that interim use and occupancy payments be paid
directly to plaintiff or held in escrow, including "whether some of the
payments are indisputably due").