SPYRIDON GIANNAROS *vs.* M. S. WALKER, INC. May 18, 1983. *Evidence,* Expert opinion. *Value. Practice, Civil,* Interrogatories.

The plaintiff brought an action against the defendant to recover for the use and occupation of the plaintiff's building (locus). The defendant appeals from the judgment ordering it to pay back rent.

1. Even assuming that the defendant's interrogatory to the plaintiff asking him to "set forth the names and address of all witnesses who you intend to call at the time of trial to support your position as to the amount of the fair rental value of the property" was such as to require supplementation by the plaintiff under Mass.R.Civ.P. 26(e)(1)(B), 365 Mass. 776 (1974), we see no abuse of discretion by the trial judge in allowing the plaintiff's expert to testify where: (1) the plaintiff's attorney advised defense counsel, approximately ten days before trial, that someone from a specific and identified appraisal firm would be called; (2) the defendant's attorney had three or four days to seek a continuance of the trial but did not do so; and (3) the issue whether the plaintiff's expert should be allowed to testify was brought to the trial judge's attention for the first time only after the appraiser had been called, sworn, and questioned about his background, training, experience, and examination of the locus.

2. The appraiser's testimony may have disclosed certain weaknesses. The trial judge, however acted well within his discretion in admitting in evidence the appraiser's testimony as to the fair rental value of the locus. See *Giannasca* v. *Everett Aluminum, Inc.,* 13 Mass. App. Ct. 208, 211 (1982), and cases therein cited. Moreover, the appraiser's report was admitted without objection, other than those referred to in paragraph one above.

3. The trial judge was not required to give greater weight to the evidence of the amount of rent fixed under a lease between the defendant and the former owner of the locus than to the appraiser's report and testimony. See *Lowell Housing Authy.* v. *Save-Mor Furniture Stores, Inc.,* 346 Mass. 426, 431 (1963). The trial judge could properly view the appraiser's testimony as more persuasive than the testimony of the defend-

ant's president, Harvey Walker, about the rent he paid the landlord of four buildings in close proximity to the locus, where the landlord was a trust, and Harvey Walker together with his father and sister were the trustees. "[W]e do not set aside findings of fact unless they are clearly erroneous, and we give due regard 'to the opportunity of the trial court to judge of the credibility of the witnesses.'" *C.C. & T. Constr. Co.* v. *Coleman Bros.*, 8 Mass. App. Ct. 133, 135 (1979), and cases therein cited.

*Judgment affirmed.*

*Kenneth H. Soble* for the defendant.
*William James Mahoney, Jr.,* for the plaintiff.