NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1091

CALVIN WOODLEY

vs.

PHILIP MORRIS USA INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Philip Morris USA Inc. appeals from a judgment on the jury verdict in the Superior Court in favor of the plaintiff, Calvin Woodley.  On appeal, the defendant argues that the trial judge wrongly denied its motion for judgment notwithstanding the verdict because the plaintiff failed to prove that he would have heeded a warning if provided.  In the alternative, the defendant argues that the trial judge wrongly denied its motion for mistrial based on surprise expert testimony.  We affirm.

1.  Background.  The plaintiff was born in 1944 and smoked his first cigarette in 1958.  Until 1966, the plaintiff smoked various brands of cigarettes -- including the defendant's

Marlboro brand cigarettes.  At some point after 1966, the plaintiff began exclusively smoking Marlboro cigarettes.  Except for a period not exceeding three years, the plaintiff continued to smoke Marlboro cigarettes until he quit in 2013.

The plaintiff commenced this action in 2020 after developing laryngeal cancer.  He asserted five claims against the defendant:  (i) breach of implied warranty based on design defect and failure to warn; (ii) negligent design; (iii) fraud and misrepresentation; (iv) conspiracy to commit fraud and misrepresentation; and (v) violation of the Consumer Protection Act, G. L. c.  93A, § 9.  Following discovery, the trial judge granted summary judgment for the defendant on claims iii and iv.  The remaining common-law claims were tried by a jury in 2023.  Two motions made by the defendant during the trial are relevant in this appeal.

First, the defendant moved for a directed verdict on the ground that the plaintiff produced evidence insufficient to show that he would not have gotten cancer had the defendant provided adequate warnings before July 1, 1969.  The defendant argued that the plaintiff's evidence was insufficient because he became addicted while smoking cigarettes manufactured by another company.  The defendant renewed this motion as a motion for judgment notwithstanding the verdict, reiterating its original

2

argument and adding that given the plaintiff's admissions, no rational jury could have found that the plaintiff would have heeded an adequate warning. The trial judge rejected both arguments.

Second, the defendant moved for a mistrial on the ground that testimony by the plaintiff's medical expert deviated from the expert's report and deposition, constituting unfair surprise. The defendant contended that the expert did not disclose before testifying at trial his opinion that the plaintiff's laryngeal cancer could not have been caused by alcohol because of the cancer's location in the subglottic region of the larynx. Though the trial judge denied this motion, he offered three remedial measures to compensate for the defendant's complaints: (i) additional time to cross-examine the expert, (ii) an opportunity to call a previously retained expert, and (iii) an opportunity to call an additional "last minute expert." Though the defendant utilized measures i and ii, it did not ask for a continuance related to this issue.

After an eleven-day trial, a jury found in favor of the plaintiff on the failure to warn claim, awarding a five million dollar judgment for compensatory damages.[1] The trial judge

---

[1] The jury found in favor of the defendant on the negligent design claim.

subsequently dismissed the plaintiff's G. L. c. 93A, § 9 claim and, as described supra, denied the defendant's motion for judgment notwithstanding the verdict. This appeal ensued.

2. Discussion. a. Denial of motion for judgment notwithstanding the verdict. On appeal, the defendant argues that the trial judge erred in denying its motion for judgment notwithstanding the verdict because the plaintiff's testimony obviates his claim that he would have heeded a warning that described the danger of smoking cigarettes.

We review the trial judge's decision for abuse of discretion. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Trial judges abuse their discretion when committing "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted). Id. To deny a motion for judgment notwithstanding the verdict, the trial judge must find that some evidence, no matter how insubstantial, supports "a reasonable inference [that] could be drawn in favor of the plaintiff." Beliveau v. Ware, 87 Mass. App. Ct. 615, 616 (2015).

A jury may infer that a warning, once given, will be heeded. Evans v. Lorillard Tobacco Co., 465 Mass. 411, 442 (2013). "Once a plaintiff establishes that a warning should

4

have been given, the burden is on 'the defendants to come forward with evidence tending to rebut such an inference.'" Id., quoting Wolfe v. Ford Motor Co., 6 Mass. App. Ct. 346, 352 (1978).

On appeal, the defendant contends that the plaintiff undermined the heeding inference with this statement from his cross-examination:

Q: "As we sit here today, you can't think of anything that Philip Morris could have done differently to prevent your injury, true?"
A: "Yes, I guess."
Q: "That's true?"
A: "Yes."

Therefore, the defendant argues that its failure to warn could not have caused the plaintiff's injury because the plaintiff admitted that there was nothing that Philip Morris could have done (presumably including giving an adequate warning) to prevent his injury.

The exchange the defendant cites is not the silver bullet it desires. The defendant's burden is high: it must show that no reasonable inference can be drawn from the evidence to support a verdict. See Beliveau, 87 Mass. App. Ct. at 616. The plaintiff, an eighty year old cancer survivor with limited literacy, provided conflicting testimony. Though he admitted that he could think of "nothing [the defendant] could have done differently," he also stated moments later that he would have

5

wanted to know that "if [he] continued smoking, [he] would get cancer." From this testimony, a reasonable jury could infer that the plaintiff may have heeded a proper warning. By finding in the plaintiff's favor, the jury made the Evans inference: the plaintiff would have heeded a warning if it were given. See 465 Mass. at 442. The defendant's view of the plaintiff's testimony may rebut that inference, but the jury is not required to share the defendant's view of the evidence. See id.; Commonwealth v. Dubois, 451 Mass. 20, 28 (2008) ("The weight and credibility of the evidence is the province of the jury"). Viewing the plaintiff's testimony in its entirety, the trial judge found that "there was more than sufficient evidence from which the jury reasonably could have found that Marlboros were a cause of [the plaintiff's] addiction." We agree. Therefore, we discern no abuse of discretion in denying the defendant's motion for judgment notwithstanding the verdict.

b. Denial of motion for new trial. The defendant offers an alternative argument that the trial judge wrongly denied its motion for mistrial because of surprise expert testimony.

The Massachusetts Rules of Civil Procedure require parties to disclose the "substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Mass. R. Civ. P. 26 (b) (4) (A) (i), 365

6

Mass. 772 (1974).  "In the absence of 'prejudicial error resulting from an abuse of discretion,' we 'will not disturb a judge's exercise of discretion' regarding expert witness disclosures."  Kace v. Liang, 472 Mass. 630, 637 (2015), quoting Wilson v. Honeywell, Inc., 409 Mass. 803, 809 (1991).

Expert disclosure "facilitate[s] the fair exchange of information about critical witnesses and . . . prevent[s] unfair surprise."  Kace, 472 Mass. at 636-637.  To this end, a "barebones" disclosure satisfies the rule if it is "consistent with and not qualitatively different from . . . trial testimony."  Larkin v. Dedham Med. Assocs., 93 Mass. App. Ct. 661, 667 (2018).  In instances where disclosure does not meet the "barebones" standard, "a judge has broad discretion to admit or exclude 'expert testimony when the proponent has not given proper notice of . . . the subject matter of the expert's anticipated testimony.'"  Kace, 472 Mass. at 637 (2015), quoting Elias v. Suran, 35 Mass. App. Ct. 7, 10 (1993).

Here, the defendant takes issue with trial testimony from the plaintiff's medical expert that the causative role of cigarette smoking in the plaintiff's cancer can be proven by the cancer's location in the subglottic region of the larynx. Though this trial testimony was the first time the expert mentioned the subglottic location of the cancer, it was not

7

"qualitatively different" from his disclosure and deposition testimony. See Larkin, 93 Mass. App. Ct. at 667.

Throughout discovery, the expert consistently opined that cigarette smoking was a primary driver of the plaintiff's cancer. In his original disclosure statement, he stated that "cigarette smoking is the most significant risk factor for the development" of the plaintiff's form of cancer. His original statement also considered the location of the plaintiff's cancer, using the location to rule out the Human Papilloma Virus as a cause of the affliction. In an addendum to his expert witness disclosure statement, the expert stated bluntly: "This is a smoking-related laryngeal cancer." In deposition, the expert was similarly dismissive of the role of alcohol abuse in the plaintiff's cancer, stating that "smoking activities [are clearly] driving [the plaintiff's form of cancer]."

When the expert opined at trial about the subglottic location of the cancer, he added another justification for his established opinion. Kace addressed this situation in the context of medical malpractice. There, the plaintiff's expert disclosed an opinion that the defendant deviated from the standard of care by failing to recognize certain symptoms and elaborated at trial that the unusually fast duration of the defendant's medical examination deviated from the applicable

8

standard of care.  Kace, 472 Mass at 637.  The Supreme Judicial Court found that the duration opinion was permissible because it was not "qualitatively different" from pretrial disclosures. Id.  The same is true here.  The expert repeatedly opined pre-trial that the plaintiff's cancer was caused by smoking.  At trial, he added another basis for that reason in the subglottic location of the cancer.  Though "[t]here is no question that the spirit and purpose of our discovery rules would have been better served by a direct disclosure," this was permissible.  Id.

Even if the expert's trial testimony was "qualitatively different" from his disclosure, we cannot substitute our judgment for that of the trial judge on this issue.  In declining the defendant's mistrial motion, the trial judge exercised his "broad discretion to admit or exclude 'expert testimony when the proponent has not given proper notice.'" See Kace, 472 Mass. at 637, quoting Elias, 35 Mass. App. Ct. at 10.

Further undermining the defendant's argument is its failure at trial to request a continuance related to this issue.  This failure occurred despite the trial judge's acknowledgment that the expert's trial testimony was a "big change" and offer of multiple remedies short of a mistrial.  We have explained many times that the failure to ask for a continuance in these situations subverts an appealing party's claim of unfair

surprise.  See e.g., Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 486 (2000); Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 350-351 (1995); Giannaros v. M.S. Walker, Inc., 16 Mass. App. Ct. 902, 903 (1983).  A failure to request a continuance indicates "that there was nothing further to investigate regarding [the witness], that [the defendant was] prepared to cross-examine [the witness], and that [the defendant's] expert was ready to counter opinions favorable to the plaintiff's case."  Beaupre, supra.

Judgment affirmed.

Order denying motion for judgment notwithstanding the verdict affirmed.

By the Court (Rubin, Desmond & Singh, JJ.[2]),

Clerk.

Entered:  January 8, 2025.

---

[2] The panelists are listed in order of seniority.

10